PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Civil Cases petitions this Court to amend the Florida Standard Jury Instructions in Civil Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On April 1, 2004, the committee filed a Supplemental Report (No. 04-01) proposing amendments to current civil jury instruction 1.3, “Deposition Testimony and Interrogatories.” Prior to submitting this report to the Court, the committee published its proposals in the June 1, 2003, edition of The Florida Bar News. The committee did not receive any comments. Subsequently, the committee continued to study the proposals and made further revisions. Then, the committee published the revised proposals in the October 1, 2003, edition of The Florida Bar News. The committee did not receive any comments to the second publication. Thereafter, the committee submitted the instant proposals to the Court.
The proposed- changes to civil jury instruction 1.3 are intended to be used during trial when a judge reads stipulated *619 testimony, stipulations, or admissions to a jury. Thus, the proposals would create three new subsections: (1) subsection c, “Stipulated testimony,” which would be read when the jury is advised of stipulated testimony of an absent witness; (2) subsection d, “Stipulations,” which would be read when the jury is advised of factual stipulations; and (3) subsection e, “Admissions,” which would be read when the jury is advised of factual admissions. Further, the proposals would amend the jury instruction to make minor edits, such as amending the title of the jury instruction and the content of the Note on Use to reflect the new proposed, subsections.[1]
The proposals would also amend the language in current subsection 1.3(a), “Deposition testimony,” to track the plain language used in current subsection 1.3(b), “Interrogatories.” This would make the structure and content of subsections 1.3(a) and 1.3(b) similar. Further, this proposal would delete the phrase “read to you” in subsection 1.3(a) and replace it with the word “presented,” thereby broadening the instruction to address testimony “presented” by videotape or other means.
Upon consideration of the committee’s report, we hereby authorize the publication and use of the revised instruction as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that the notes and comments associated with the instruction reflect only the opinion of the committee, and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instruction as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
APPENDIX
1.3
DEPOSITION TESTIMONY, AND INTERROGATORIES, STIPULATED TESTIMONY, STIPULATIONS, . AND ADMISSIONS

a. Deposition or prior testimony:

Members of the jury, the sworn testimony of (name), given before trial, will now be read to you presented. You are to consider and weigh this testimony as though the-witness -had testified here in person you would any other evidence in the case.

b. Interrogatories:

Members of the jury, answers to interrogatories will now be read to you. Interrogatories are written questions that have been presented before trial by one party to another. They are answered under oath. You are to consider and weigh these questions and answers as you would any other evidence in the case, a Stipulated testimony:
Members of the jury, the parties have agreed that if (name of witness) were called as a witness, [he] [shej would tes *620 tify (read or describe the testimony). You are to consider and weigh this testimony as you would any other evidence in the case.
& Stipulations:
Members of the jury, the parties have agreed to certain facts. You must accept these facts as true. (Read the agreed facts.)
a Admissions:
1. Applicable to all parties.
Members of the jury, (identify the party or parties that have admitted the facts) [has][have] admitted certain facts. You must accept these facts as true. (Read the admissions.) .
2. Applicable to fewer than all parties.
Members of the jury, (identify the party or parties that have admitted the facts) [has][have] admitted certain facts. You must accept these facts as true in deciding the issues between (identify the affected parties), but these facts should not be used in deciding the issues between (identify the unaffected parties). (Read the admissions.)
NOTE ON USE
The committee recommends that the appropriate explanation be read immediately before a deposition, or an interrogatory and answer, stipulated testimony, a stipulation, or an admission are read in evidence, and that no charge on the subject be repeated at the conclusion of the trial.

. The proposal would add the terms ''stipulation” and "admission” to the Note on Use. However, that aspect of the proposal did not include a reference to "stipulated testimony.” Thus, as shown in the appendix, we have made a minor modification to the Note on Use to include a reference to "stipulated testimony.”